# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CHRISTOPHER TERRILL HOLMES
3557 Harbor Way
Belleville, IL 62221

                Plaintiff,

                vs.

UNITED STATES OF AMERICA,
By and through the following:

US Department of Veteran's Affairs
Attn: Dr. David Shulkin, Secretary
810 Vermont Ave NW
Washington, DC, US 20420

US Department of Justice
Attn: Mr. Jefferson Sessions, US Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

US Attorney's Office
Attn: Mr. Channing D. Phillips, US Attorney
555 4th Street, NW
Washington, DC 20530

US Department of Defense
Attn: Mr. James Mattis, Secretary
1400 Defense Pentagon
Washington, DC 20301-1400

Department of the Army
Attn: Mr. Robert Speer, Acting Secretary of the Army
101 Army Pentagon
Washington, DC 20310-0101

                Defendant.

---

      Plaintiff, Christopher Terrill Holmes, by and through his undersigned attorneys, for his complaint herein, alleges as follows:

## I.    INTRODUCTION

1. This is an action for judicial review of an improper administrative denial of disability benefits by the United States Army to Plaintiff under the terms of the Servicemembers Group Life Insurance Traumatic Injury Protection Program (hereafter "TSGLI").

## II.    JURISDICTION

2. Jurisdiction in this action is predicated upon 38 USC § 1975, as well as under the terms of the TSGLI program, as any member who receives an adverse TSGLI decision may obtain judicial review in any United States District Court of competent jurisdiction.

## III.    VENUE & PARTIES

3. Venue for this action is predicated upon a denial of TSGLI benefits to Plaintiff by the United States Department of the Army. The Department of the Army is one of the three Military Departments within the Department of Defense of the United States of America, an executive branch department of the federal government of the United States, under the control of the President of the United States of America as a part of the executive branch of the federal government, which is seated in the District of Columbia.

TSGLI is a Department of Veterans Affairs program, with claims eligibility determinations administered by the Department of Defense. Accordingly, Plaintiff has named the various executive and agency representatives for the United States obliged to answer for Plaintiff's claims, including the Secretary of Veterans Affairs, Secretary of Defense, Acting Secretary of the Army, the Department of Justice, and United States Attorney's Office. The United States Attorney's office traditionally represents the United States in TSGLI matters on behalf of the named executive and agency representatives, and it is anticipated that will continue in the present action.

### IV.   FACTUAL ALLEGATIONS

4. All allegations contained in the previous paragraphs are incorporated herein by reference.

5. The Servicemembers' Group Life Insurance Traumatic Injury Protection Program, also known as TSGLI, is a rider to the SGLI policy that provides a payment to service members injured as a result of a traumatic event.

6. TSGLI coverage was added to SGLI policies effective December 1, 2005. After December 1, 2005, all service members covered by SGLI are eligible for TSGLI coverage, regardless of where their qualifying traumatic injury occurred.

7. In addition, a retroactive program covers service members who sustained a qualifying traumatic injury while supporting Operation Enduring Freedom (OEF), Operation Iraqi Freedom (OIF), or while on orders in a Combat Zone Tax Exclusion (CTZE) area from October 7, 2001 through November 30, 2005.

8. For service members who suffer a qualifying loss as a result of a traumatic injury event, the Defendant will pay between $25,000 and $100,000, depending on the nature and severity of the qualifying loss.

9. The benefit is paid to the member, someone acting on the member's behalf if the member is incompetent, or the member's SGLI beneficiary if the member is deceased.

10. All service members covered under SGLI who experienced a traumatic event that directly results in a traumatic injury causing a scheduled loss defined under the program are eligible for a TSGLI payment.

11. Losses must meet a TSGLI standard in order to be eligible for a benefit payment. There are nine categories of losses covered as follows:

1) Sensory losses

2) Burns

3) Paralysis

4) Amputation

5) Limb Salvage

6) Facial Reconstruction

7) Activities of Daily Living (ADL)

8) Inpatient Hospitalization

9) Coma/Traumatic Brain Injury combined with another injury

12. If a service member submits an application for benefits, a medical professional must sign a Part B form to certify the medical information being provided. In so doing, a medical professional certifies that the applicant meets one or more of the TSGLI criteria stated above.

13. Additionally, a service member may furnish other documentary evidence in support of their claim, including medical records, reports, and written statements of caregivers who assisted the service member during the recovery from their injuries.

14. TSGLI claims are to be awarded when the preponderance of evidence supports the service member's claim.

    a.    **Plaintiff's Traumatic Injury and TSGLI Claim**

15. All allegations contained in the previous paragraphs are incorporated herein by reference.

16.    At all times pertinent hereto, Plaintiff was eligible for TSGLI benefits through his status as a service member of the United States Army.

17.    On April 16, 2010, Plaintiff sustained serious traumatic injuries in a motorcycle crash.

18.    Plaintiff's traumatic injuries in the crash included, but were not limited to, a left comminuted scapular fracture, head injury, and scrapes and abrasions on his left shoulder, left wrist, and both knees. Due to those traumatic injuries, Plaintiff required assistance from his spouse, Latrice Holmes, with his activities of daily living (ADLs), including bathing and dressing, between April 16, 2010 and November 15, 2010 (*a period of 213 days*).

### b.    **Certification by a Medical Professional**

19.    All allegations contained in the previous paragraphs are incorporated herein by reference.

20.    Dr. Dennis Hopkins certified Plaintiff's individual claim for an inability to independently perform ADLs of bathing and dressing during his recovery from April 16, 2010 to November 15, 2010 – a period of over 120 days – through a signed Part B form, qualifying Plaintiff for TSGLI benefits for a 120-day ADL loss.

21.    On or about July 12, 2010, Plaintiff submitted to Defendant his application for TSGLI benefits, including the signed Part B form provided by Dr. Dennis Hopkins, and other pertinent medical and documentary evidence.

### c.    **Caregiver Statement of Latrice Holmes**

22.    All allegations contained in the previous paragraphs are incorporated herein by reference.

23. Plaintiff's spouse, Latrice Holmes, who provided Plaintiff assistance with his ADLs, prepared a statement verifying the care and assistance she provided while Plaintiff recovered from his traumatic injuries which was submitted along with Plaintiff's application for TSGLI benefits. That caregiver statement from Ms. Holmes provides strong corroborating evidence of Plaintiff's claim.

### d. Denial of Claim and Exhaustion of Administrative Appeals

24. All allegations contained in the previous paragraphs are incorporated herein by reference.

25. Plaintiff has received five separate denials of his TSGLI claim by Defendant during the application and years-long administrative agency review and appeal process.

26. Defendant initially denied Plaintiff's claim in a letter dated November 24, 2010. Defendant simply indicated, without further explanation, "Your claim was not approved because there is not enough medical information to support your losses(es)."

27. Plaintiff appealed the denial. His claim was again denied in summary fashion and directly contradictory to the evidence. In that letter dated January 23, 2012, Defendant indicated simply that "The documentation provided did not indicate that you met the TSGLI standards for loss of Activities of Daily Living (ADLs). The medical documentation you submitted did not indicate that your physical injury rendered you incapable of performing the ADLs of bathing or dressing that are covered by TSGLI standards."

28. Plaintiff appealed that denial. His claim was again denied in summary fashion for the third time. Defendant's letter dated March 4, 2013, indicated, "The medical documents submitted for your motorcycle accident which occurred on 16 April 2010 while you were in Virginia did not indicate you were hospitalized for 15 consecutive days or more. Also, the

submitted documents did not indicate your injuries rendered you incapable of performing the Activity of Daily Living skills (ADLs) of toileting, dressing, bathing, transferring, continence or eating for 30 days or more, per TSGLI guidelines." Plaintiff never asserted a claim for a 15-day hospitalization, so Defendant's denial of benefits on that basis seems to show that it arbitrarily and capriciously denied benefits, and disregarded the evidence in this case. Furthermore, Defendant's summary that there was no evidence of the ADL losses claimed by Plaintiff directly contradicts the evidence and claims that were presented.

29. Plaintiff then appealed his claim to the Army Board for Correction of Military Records. The Board denied Plaintiff's appeal in a letter dated July 1, 2014. The Board adopted the position contrary to the evidence in the case that, "While the evidence clearly establishes that the applicant required medical care and support immediately following his accident on 16 April 2010 and extensive follow-up care for months afterwards, documentation required to justify a TSGLI payment for loss of ADLs has not been submitted."

30. Plaintiff submitted some additional medical records corroborating his claim and again appealed his claim to Defendant through the Army Board for Correction of Military Records. In a letter dated February 3, 2017, Defendant yet again denied Plaintiff's claim on the final basis that, "The advisory official found no evidence of a qualifying ADL loss that would serve as a basis for payment of TSGLI in this case."

31. Plaintiff has exhausted the administrative appeals available to him, with a denial at each level of appeal.

32. Defendant claim denial practices are arbitrary, capricious, unsupported by its own guidelines, and contrary to law.

7

33. Defendant's denial of Plaintiff's claim is contrary to the preponderance of the evidence, and is otherwise unsupported by substantial evidence.

34. Defendant has denied Plaintiff's claim for TSGLI benefits because, among other reasons, it claims that Plaintiff's medical documentation does not indicate that the injury rendered Plaintiff incapable of performing ADLs, which directly contradicts the evidence in this case.

35. Defendant did not explain its decision based on the evidence, or justify why preponderance of the evidence did not support Plaintiff's eligibility for TSGLI benefits; give any reasons why the certifying medical professional's certification was not persuasive or credible; address or explain why the caregiver statement and personal statement attesting to their observations and provision of assistance to Plaintiff during his recovery was not persuasive or credible; or provide reasonable or substantial evidence or credible, rebuttable adverse medical opinions contradicting Plaintiff's claim for TSGLI benefits. The preponderance of the evidence supports Plaintiff's claim for TSGLI benefits.

36. Defendant failed to approve Plaintiff's claim for benefits even though the Plaintiff meets the contractual and legal criteria for a payment of TSGLI benefits of $100,000 for his inability to safely bathe and dress for a period of over 120 days without assistance.

37. Defendant violated the relevant statutes and its own guidelines by denying Plaintiff's claim, and did not reasonably or adequately advise Plaintiff of the bases for denial, including provision of loss codes.

38. Plaintiff has thereby suffered an unwarranted denial of TSGLI benefits by Defendant, which are due under the TSGLI program.

## CLAIMS FOR RELIEF

39. All allegations contained in the previous paragraphs are incorporated herein by reference.

40. Plaintiff herewith requests judicial review and reversal of Defendant's denial of his claim for TSGLI benefits, based, *inter alia*, upon Defendant's

   a. failure to pay benefits due and owing under the TSGLI program, as outlined elsewhere herein;

   b. failure to identify reasons for the denial of benefits under the applicable guidelines, including omission of loss codes and/or any other adequate basis for its decision; and

   c. inclusion of additional unauthorized criteria for TSGLI claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

   a. an order overriding Defendant's wrongful denial of TSLGI benefits to Plaintiff, with remand and instruction to find consistent with the Court's order, outlining the benefit eligibility/entitlement of Plaintiff under the TSGLI program based on the evidence in the record, and to do so within a specified deadline so as to prevent unjust delay or timely compliance with the Court's order;

   b. an award of interest, costs and attorneys' fees as provided by statute;

   c. an award of attorneys' fees as provided by statute and code, including The Equal Access to Justice Act, 5 U.S.C. § 504; 28 U.S.C. §2412; and

   d. such other relief as the Court deems just and proper.

Dated: August 17, 2017

Respectfully submitted,

/s/ Jake R. Jagdfeld

Jake R. Jagdfeld (#MN0002)
(MN License #0388549)
Johnson Becker, PLLC
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
jjagdfeld@johnsonbecker.com
Telephone: (612) 436-1810
Facsimile: (612) 436-1801

Attorneys for Plaintiff